## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WILLIAM HUTH and DEBORAH HUTH,** | |
| **Plaintiffs,** | **Case No. 23-4031-DDC-GEB** |
| **v.** | |
| **MIDEA AMERICA CORP., GUANGDONG MIDEA AIR-CONDITIONING EQUIPLMENT CO., LTD., and MIDEA GROUP CO., LTD.,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court on defendant Midea America Corp.'s Motion to Dismiss (Doc. 10) for lack of personal jurisdiction. Plaintiffs William and Deborah Huth sued Midea America and two other defendants in Kansas state court after a Frigidaire humidifier—which, plaintiffs allege, defendants manufactured and sold—malfunctioned and damaged plaintiffs' property. Midea America removed this case to federal court. It then filed a Motion to Dismiss, arguing that this court lacks personal jurisdiction because Midea America doesn't manufacture or sell Frigidaire humidifiers, and it doesn't have any meaningful contacts with Kansas. Plaintiffs oppose the motion, asking the court to permit jurisdictional discovery or to remand the case to state court so plaintiffs can resolve their claims against the remaining two defendants in plaintiffs' selected forum. For the reasons below, the court grants Midea America's Motion to Dismiss (Doc. 10) and denies plaintiffs' Motion to Remand (Doc. 15).

## I.       Factual Allegations and Procedural History

Plaintiffs William and Deborah Huth live in Emporia, Kansas.  Doc. 1-1 at 1 (Pet. ¶ 1). In their home, plaintiffs used a Frigidaire dehumidifier.  *Id.* (Pet. ¶ 2).  In November 2019, the dehumidifier malfunctioned and caused smoke damage to plaintiffs' real and personal property. *Id.*  Plaintiffs allege that defendants Midea America Corp. (Midea America), Guangdong Midea Air-Conditioning Equipment Co., Ltd. (Guangdong Midea), and Midea Group Co., Ltd. (Midea Group) each sold, warranted, distributed, and manufactured the dehumidifier that damaged their property.  *Id.* at 2 (Pet. ¶ 3).

Plaintiffs sued defendants in state court, specifically, the District Court of Lyon County, Kansas.  They asserted claims for negligence, breach of contract, strict liability, and for violating the Kansas Consumer Protection Act.  Doc. 1-1 (Pet.).  Midea America removed the case to federal court, invoking the court's diversity jurisdiction.  Doc. 1.  Midea America then filed a Motion to Dismiss (Doc. 10) for lack of personal jurisdiction.

Midea America asserts that it lacks ties to the specific product at issue and to the state of Kansas.  Midea America is a Florida corporation with its headquarters in New Jersey.[1]  Doc. 11-2 at 2 (Teixeira Aff. ¶¶ 6–7).  It denies having manufactured, distributed, or sold the Frigidaire dehumidifier that allegedly damaged plaintiffs' property.  *Id.* at 3 (Teixeira Aff. ¶ 11).  Midea America doesn't have any offices or employees in Kansas.  *Id.* (Teixeira Aff. ¶¶ 14–15).  And Midea America isn't registered to do business in Kansas.  *Id.* (Teixeira Aff. ¶ 17).  Midea America stores inventory in a Kansas warehouse, but it doesn't own or rent the warehouse.  *Id.* (Teixeira Aff. ¶ 18)*.*

---

[1]       Where, as here, the court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the court may consider affidavits and other written materials that the parties submit. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

Plaintiffs oppose Midea America's Motion to Dismiss.  Doc. 14.  They ask the court to permit them to conduct jurisdictional discovery about Midea America's relationship with the dehumidifier and the state of Kansas.  *Id.* at 4; Doc. 15.  Alternatively, should the court grant Midea America's Motion to Dismiss, plaintiffs ask the court to remand the case to state court so they can pursue their claims against Guangdong Midea and Midea Group in plaintiffs' chosen forum.  Doc. 15.

## II.       Legal Standard

Midea America contends this court lacks personal jurisdiction over it.  Rule 12(b)(2) of the Federal Rules of Civil Procedure governs dismissal for lack of personal jurisdiction.  The plaintiff bears the burden to establish personal jurisdiction over each defendant named in the action.  *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1179–80 (10th Cir. 2014) (citation omitted).  But in a case's preliminary stages, a plaintiff's burden to prove personal jurisdiction is a light one.  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008) (citation omitted).

Where, as here, a defendant asks the court to decide a pretrial Motion to Dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, a plaintiff must make only a prima facie showing of jurisdiction.  *Id.* at 1056–57 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)).  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."  *OMI Holdings, Inc.*, 149 F.3d at 1091.

To defeat a prima facie showing of personal jurisdiction, defendants "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).  When defendant fails to controvert plaintiff's allegations with affidavits or other

evidence, the court must accept the well-pleaded allegations in the complaint as true and resolve any factual disputes in plaintiff's favor.  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (describing well-pled facts as "plausible, non-conclusory, and non-speculative" (citing *Twombly*, 550 U.S. 544)).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."  *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)).  In a diversity action like this one, the plaintiff must show that exercising jurisdiction is proper under the laws of the forum state and that doing so comports with the Constitution's due process requirements.  *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op.*, 17 F.3d 1302, 1304–05 (10th Cir. 1994) (citation omitted).

But Kansas's long-arm statute is construed liberally to permit any exercise of jurisdiction that comports with the United States Constitution.  *Id.* at 1305; *see also* Kan. Stat. Ann. § 60-308(b)(1)(L) & (b)(2).  Thus, it's unnecessary to conduct a separate personal jurisdiction analysis under Kansas law.  Instead, the court may proceed directly to the due process inquiry.  *Federated Rural Elec. Ins. Corp.*, 17 F.3d at 1305; *see also Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (explaining that where a state's long-arm statute "confers the maximum jurisdiction permissible consistent with the Due Process Clause . . . the first, statutory, inquiry effectively collapses into the second, constitutional, analysis" (internal quotation marks and citation omitted)).

The due process analysis uses its own two-step inquiry.  *First*, the court must determine whether the defendant has "minimum contacts with the forum state such that he should reasonably anticipate being haled into court there."  *AST Sports Sci., Inc.*, 514 F.3d at 1057

(internal quotation marks and citation omitted). *Second*, if the defendant's actions establish such minimum contacts, the court then must decide "whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *Id.* (internal quotation marks and citations omitted). Here, neither party argues this second step—fair play and substantial justice. So, following the parties' lead, the court only explores the minimum contacts question.

The Due Process Clause permits the court to assert personal jurisdiction over a nonresident defendant so long as the defendant purposefully has established "minimum contacts" with the forum state. *Burger King*, 471 U.S. at 474. The "minimum contacts" standard is satisfied by establishing either (1) specific jurisdiction or (2) general jurisdiction. *Rockwood Select Asset Fund*, 750 F.3d at 1179. A court may assert specific jurisdiction over a nonresident defendant "'if the defendant has "purposefully directed" his activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *OMI Holdings, Inc.*, 149 F.3d at 1090–91 (quoting *Burger King*, 471 U.S. at 472). Alternatively, if "a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain *general* personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state." *Id.* at 1091 (citation omitted).

## III.     Analysis

As already mentioned, "[p]ersonal jurisdiction can be general or specific." *Rockwood Select Asset Fund*, 750 F.3d at 1179. The court begins with general jurisdiction—briefly—because the parties don't appear to dispute that the court lacks general personal jurisdiction over Midea America. The court then turns to specific jurisdiction, the heart of the controversy here. And, last, the court evaluates plaintiffs' remand request.

**A.    General Jurisdiction**

Courts may exercise general jurisdiction if a defendant's contacts with the forum state are "'so continuous and systematic as to render [it] essentially at home in the forum State.'" *Fireman's Fund Ins. Co. v. Thyssen Mining Constr. Can., Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction doesn't arise directly from a defendant's forum-related activities; instead, the court may assert general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state. *OMI Holdings, Inc.*, 149 F.3d at 1091 (citation omitted). But, because general jurisdiction isn't tied to the particular events giving rise to the suit, courts must impose "a more stringent minimum contacts test[.]" *Id.*  This more stringent test "requir[es] the plaintiff to demonstrate the defendant's continuous and systematic general business contacts" with the forum state. *Id.* (internal quotation marks and citations omitted).

The paradigmatic "forums for a corporation are its place of incorporation and principal place of business." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Outside those two forums, courts can consider:

> (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.

*Trierweiler v. Croxton Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996).

Midea America argues here that the court lacks general jurisdiction over it because it's not "at home" in Kansas. Doc. 10 at 9–11. Midea America's headquarters are in Parsippany, New Jersey. Doc. 11-2 at 2 (Teixeira Aff. ¶ 7). And it's incorporated in Florida. *Id.* (Teixeira Aff. ¶ 6). Midea America bases no employees in Kansas and it maintains no physical locations

6

in Kansas.  *Id.* at 3 (Teixeira Aff. ¶¶ 14, 15).  And it's not registered to do business in Kansas.  *Id.* (Teixeira Aff. ¶ 16).  Midea America acknowledges that it stores inventory in a Kansas warehouse, but it doesn't own or rent that warehouse.  *Id.* (Teixeira Aff. ¶¶ 17–18).  And the goods it stores there don't include Frigidaire dehumidifiers.  *Id.* at 4 (Teixeira Aff. ¶ 19).

       Plaintiffs fail to respond to Midea America's general jurisdiction argument or provide any reasons to conclude that Midea America has made itself at home in Kansas.  *See generally* Doc. 14.  So, plaintiffs haven't shouldered their burden to establish that the court possesses general jurisdiction over Midea America.  The court thus moves to the heart of the parties' controversy:  specific jurisdiction.

### B.    Specific Jurisdiction

       Sometimes, specific jurisdiction exists even though general jurisdiction doesn't.  Specific jurisdiction also is called "case-linked" jurisdiction.  *Ford*, 592 U.S. at 358.  "The contacts needed for this kind of jurisdiction often go by the name 'purposeful availment.'"  *Id.* at 359 (citing *Burger King*, 471 U.S. at 475).  A court may exercise specific jurisdiction if:  (1) the out-of-state defendant "purposefully directed" its activities at residents of the forum state and (2) the plaintiffs' "injury arose from those purposefully directed activities[.]"  *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013) (citation omitted).

       *First*:  the "purposefully directed" requirement.  Our Circuit analyzes the "purposefully directed" requirement differently depending on the cause of action alleged.  *See Dudnikov*, 514 F.3d at 1071.  "In the tort context, [the Circuit] often ask[s] whether the nonresident defendant 'purposefully directed' its activities at the forum state; in contract cases, meanwhile, [the Tenth Circuit] sometimes ask[s] whether the defendant 'purposefully availed' itself of the privilege of conducting activities or consummating a transaction in the forum state."  *Id.* (citations omitted).  Our Circuit has explained that the "purposeful direction" requirement seeks "to ensure that an

out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Id.* (quoting *Burger King*, 471 U.S. at 475).

*Second*:  the suit-related connection requirement.  To pass this part of the test, plaintiffs' claims "must arise out of or relate to the defendant's contact with the forum."  *Ford*, 592 U.S. at 359 (citation and internal quotation marks omitted).  That is, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *Id.* at 359–60 (citation, internal quotation marks, and brackets omitted).

Midea America argues here that both components are absent because it has little to do with Kansas.  And what limited contact Midea America has with Kansas, those contacts have nothing to do with the dehumidifier at issue here.  Doc. 11 at 3.  Recall that plaintiffs bring claims based on the alleged malfunction of their "Frigidaire 70-pint capacity dehumidifier, model number FAD704DUP[.]"  Doc. 1-1 at 2 (Pet. ¶ 2).  And plaintiffs allege *all* defendants "sold, warranted, distributed or manufactured the dehumidifier."  *Id.* at 3 (Pet. ¶ 3).  But Midea America has testified via affidavit that it doesn't manufacture, sell, or distribute any Frigidaire-branded dehumidifiers in Kansas or anywhere else.  Indeed, Midea America asserts, it never has.  Doc. 11-2 at 3 (Teixeira Aff. ¶ 11).  Going further, Midea America testified that it "has no involvement with any Frigidaire-branded product, including the model number FAD704DUP dehumidifier[.]"  *Id.* (Teixeira Aff. ¶ 13).  Midea America explained that it stores some inventory in a warehouse in Kansas—but it doesn't operate offices or employees in Kansas.  And never has it registered to do business in Kansas.  *Id.* (Teixeira Aff. ¶¶ 14–18).  Midea America thus has established that it hasn't purposefully availed itself of the benefits and protections of Kansas law.

And it's also established that this lawsuit doesn't "arise out of or relate to" Midea America's

Kansas contacts.  *Ford*, 592 U.S. at 359 (citation and internal quotation marks omitted).

Sensing thin jurisdictional ice, plaintiffs don't respond with a law-based response.

Instead, they head for a factual floe:  jurisdictional discovery.  Plaintiffs argue that the court

should allow them to conduct jurisdictional discovery instead of dismissing Midea America.

Plaintiffs assert they want "an opportunity to develop the relevant facts and ascertain whether

Midea America may be liable or truly has no relationship with the dehumidifier or its placement

in the stream of commerce."  Doc. 14 at 1.  Plaintiffs also point out that many of the relevant

facts "are solely within the possession of Midea America."  *Id.* at 2.  And so, plaintiffs assert,

they've identified a factual dispute.

"'When a defendant moves to dismiss for lack of jurisdiction, either party should be

allowed discovery on the factual issues raised by that motion.'"  *GCIU-Emp. Ret. Fund v.*

*Coleridge Fine Arts*, 700 F. App'x 865, 871 (10th Cir. 2017) (quoting *Budde v. Ling-Temco-*

*Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975) (affirming decision denying request for

jurisdictional discovery)).  The court "may not refuse to grant jurisdictional discovery 'if either

the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is

necessary.'"  *Proud Veterans, LLC v. Ben-Menashe*, No. 12-CV-1162-JAR, 2012 WL 6681888,

at *1 (D. Kan. Dec. 21, 2012) (quoting *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F.

App'x 586, 589 (10th Cir. 2006)).

A district court has "broad discretion" when deciding whether to allow jurisdictional

discovery.  *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1298–99 (10th

Cir. 2004).  A "refusal to grant jurisdictional discovery constitutes an abuse of discretion if the

denial results in prejudice to the litigant and that prejudice is present where pertinent facts

bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010) (quotation cleaned up).  And plaintiffs, as the party moving for discovery, bear the burden to demonstrate that they deserve it.  *Id.* at 1189 n.11. Plaintiffs have failed to shoulder that burden here.

Plaintiffs' Petition alleges that "Each Defendant[]" manufactures and sells the model of Frigidaire dehumidifier that harmed them.  Doc. 1-1 at 2 (Pet. ¶ 3).  Yet, Midea America responded with an affidavit attesting that it doesn't manufacture or sell Frigidaire dehumidifiers—Guangdong Midea does.  Doc. 11 at 2; Doc. 11-2 at 3 (Teixeira Aff. ¶ 12). Plaintiffs admit that they "do not have detailed knowledge regarding Midea America and [Guangdong] Midea's manufacture and distribution of dehumidifiers," but they "do know, however, that Midea America does manufacture and sell dehumidifiers and that Midea America" has issued product recalls on dehumidifiers.  Doc. 14 at 3.  In support, plaintiffs submitted two exhibits: *first*, a series of social media posts from a Twitter account called @MideaAmerica advertising a dehumidifier (Doc. 14 at 7–11); and *second*, excerpts from Midea.com, including a product recall update on a dehumidifier (Doc. 14 at 12–18).  Midea America is nonplussed.  It confirms in its Reply that it markets and sells dehumidifiers—just not Frigidaire dehumidifiers. The dehumidifiers in plaintiffs' exhibits, Midea America contends, are entirely different brands—Midea branded dehumidifiers and GE branded dehumidifiers.  Doc. 16 at 2–4.

The court recognizes that often, it's proper to permit jurisdictional discovery.  But this general rule doesn't mandate jurisdictional discovery in every case.  It's prejudicial to deny discovery "where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary."  *Sizova v. Nat'l Inst. of Standards*

& *Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (citation and internal quotation marks omitted). But that's not this case. Midea America has adduced and presented affidavit testimony sharing facts nullifying personal jurisdiction here. Plaintiffs haven't controverted or even challenged any of those facts. They're merely asking for the opportunity to look for some facts that might controvert Midea America's facts. That's not enough.

Exercising its discretion, the court declines to authorize jurisdictional discovery because plaintiffs have failed to shoulder their burden to show they're entitled to it. Midea America's affidavit explains that it doesn't manufacture or sell Frigidaire dehumidifiers. *See* Doc. 11-2. Plaintiffs' exhibits, submitted to controvert Midea America's assertion, refer to Midea branded and GE branded dehumidifiers—not Frigidaire dehumidifiers. Doc. 16 at 2–4. Plaintiffs identify no evidence or other reasons to permit a plausible inference that Midea America manufactures or sells Frigidaire dehumidifiers. The best plaintiffs can muster is conclusory assertions.

Plaintiffs' only response to Midea America's Motion to Dismiss requests jurisdictional discovery. Without jurisdictional discovery, plaintiffs are back on thin ice. They've failed to allege that Midea America purposefully availed itself of Kansas law. Nor have they alleged that Midea had any contacts with Kansas that could have given rise to this lawsuit. Plaintiffs simply have failed to "demonstrate[e] . . . facts that if true would support jurisdiction over" Midea America. *OMI Holdings, Inc.*, 149 F.3d at 1091. The court thus grants Midea America's Motion to Dismiss (Doc. 10) and turns to plaintiffs' Motion to Remand (Doc. 15).

## IV.      Motion to Remand

Plaintiffs have asked the court to remand the case if it grants Midea America's Motion to Dismiss—as it's done—so they can litigate their claims against Guangdong Midea and Midea Group in plaintiffs' original choice of forum. Doc. 15. Plaintiffs point out that Midea America removed the case and, if Midea America is dismissed, they argue that their "choice to proceed in

11

state court should have weight[.]"  Doc. 14 at 5.  This is an unusual request and plaintiffs cite no authority for it.  Plaintiffs don't assert that Midea America removed this case to federal court improperly.  That is, plaintiffs don't challenge that this court lacks subject matter jurisdiction.[2] And if federal courts have jurisdiction over a case, they bear a "'virtually unflagging obligation . . . to exercise the jurisdiction given them.'"  *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) (quoting *Colorado River*, 424 U.S. at 817); *see also Cohens v. Virginia*, 19 U.S. 264, 404 (1821) ("We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.").

Plaintiffs don't support their remand request with any legal authority.  Plaintiffs ask the court to remand the case to state court under 28 U.S.C. § 1447.  And they argue that "this Court should let [plaintiffs] continue their recovery for the damage to their home in their chosen forum" because "there are other defendants named in this case"—Guangdong Midea and Midea Group.  Doc. 14 at 4.  But a "federal court presented with a motion to remand is limited solely to the question of its authority to hear the case, consistent with the restrictions imposed by the removal statute."  14C Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* § 3739 (4th ed. 2023).  Plaintiffs don't question this court's authority to hear this case.  And nowhere does § 1447 empower courts to remand a case based on a litigant's preference for state court.  So, plaintiffs' argument that they'd prefer to litigate in state court, after defendants

---

[2]        Nor could they.  Midea America's removal invokes the court's diversity jurisdiction.  For a federal court to exercise diversity jurisdiction, the parties must be completely diverse and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  Midea America asserts that the parties are completely diverse because both plaintiffs are citizens of the State of Kansas, and none of the three defendants are citizens of Kansas.  Doc. 1 at 2.  The two remaining defendants—Guangdong Midea and Midea Group—are Chinese business entities.  *Id.*  And plaintiffs seek nearly $400,000 from defendants, satisfying the amount in controversy requirement.  *Id.*

properly removed the case, doesn't convince the court to cede its "virtually unflagging" jurisdictional responsibility to host a case properly removed to our court.[3]

Midea America properly removed the case to federal court under § 1441, invoking the court's diversity jurisdiction. *See* Doc. 1. This removal properly established the court's subject matter jurisdiction over this case. So, remand under § 1447(c) is improper. The court thus denies plaintiffs' Motion to Remand (Doc. 15).

## V.      Conclusion

The court grants Midea America's Motion to Dismiss (Doc. 10) for lack of personal jurisdiction and dismisses Midea America without prejudice. It denies plaintiffs' Motion to Remand (Doc. 15).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Midea America Corp.'s Motion to Dismiss (Doc. 10) is granted.

**IT IS FURTHER ORDERED THAT** plaintiffs' Motion to Remand (Doc. 15) is denied.

**IT IS SO ORDERED.**

---

[3]      Other federal courts have taken a conservative approach to remanding properly removed cases. *See Buchner v. F.D.I.C.*, 981 F.2d 816 (5th Cir. 1993) ("[A] [federal district] court has no discretion to remand a case over which it has subject-matter jurisdiction[.]"); *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 786 (3d Cir. 1995) ("It is apparent, then, that § 1441(c) grants the district court only a limited authority to remand a case." (citations and internal quotation marks omitted)); *Mangold v. Analytic Servs., Inc.*, 77 F.3d 1442, 1453 (4th Cir. 1996) (overruling district court's decision to exercise its discretion to remand a case because "the court did not have that power but was obliged to exercise its removal jurisdiction"); *Thomas v. Bank of Am. Corp.*, No. 12-cv-00797-PAB-KMT, 2012 WL 1431224, at *2 (D. Colo. Apr. 25, 2012) ("[T]he Court is satisfied that it has subject-matter jurisdiction over this case, remand pursuant to 28 U.S.C. § 1447(c) is improper."); *Bohanna v. Hartford Life & Accident Ins. Co.*, 848 F. Supp. 2d 1009, 1013 (W.D. Mo. 2012) ("Remand of the action is inappropriate where, as here, the action has been properly removed to this Court based on diversity." (citations omitted)); *Hubbard v. Union Oil Co. of Cal.*, 601 F. Supp. 790, 792 (S.D. W. Va. 1985) (concluding neither prejudice to plaintiff nor duplication of judicial time and effort qualified as grounds for remand because removal otherwise was proper). The court finds these cases persuasive.

Dated this 26th day of March, 2024, at Kansas City, Kansas.

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
