# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| WILLIAM HUTH and ) | |
| DEBORAH HUTH ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 23-4031- DDC-GEB |
| ) | |
| GUANGDONG MIDEA ) | |
| AIR-CONDITIONING ) | |
| EQUIPMENT CO., LTD. and ) | |
| MIDEA GROUP CO., LTD. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

On October 25, 2024 the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a Motion Hearing by videoconference with the parties regarding Plaintiffs' Motion for Leave to Amend Complaint. Plaintiffs appeared through counsel Stephanie B. Poyer. Defendants appeared through counsel Cory Buck and Pro Hac Vice counsel, Dennis Callahan. The Court considered (1) Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 38); (2) Defendants' Response to Plaintiffs' Motion to Amend (ECF No. 44); and (3) Plaintiffs Reply to Its' Motion to Amend (ECF No. 45).

After reviewing the written briefs, caselaw contained therein, and hearing arguments from counsel discussing the same, the Court **GRANTS** Plaintiffs' Motion (**ECF No. 38**).

I. **Nature of the Case**[1]

This is a products liability case removed from Lyon County District Court alleging malfunction of a dehumidifier that caused extensive damage to Plaintiffs' personal property. Plaintiffs' petition makes claims of negligence, breach of contract, strict liability, and violation of the Kansas Consumer Protection Act. On April 25, 2023, Defendant, Midea America Corp. removed the case to this court invoking diversity jurisdiction. (ECF No. 38-1). The initial amount in prayer for relief was $393,695.54 in actual damages, a KCPA civil penalty of $10,000, plus reasonable attorney fees. However, Plaintiffs' insurer, upon learning of the claim, reviewed its agreements and opted to pursue binding arbitration for a portion of the prayer in the amount of $393,695.54. As a result, Plaintiffs' claimed actual damages amount to $62,400, a KCPA civil penalty of $10,000, plus reasonable attorney fees in the instant case. *Id*. Though Defendants have a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) challenging general and specific jurisdiction, Plaintiffs' claims remain at this time. *Id*.

II. **Procedural History**

On June 26, 2024, Defendants filed Fed. R. Civ. P. Rule 12(b)(2) Motions to Dismiss alleging lack of jurisdiction. Those motions are opposed and currently under review by District Judge, Daniel D. Crabtree. (ECF No. 29 & 31). In light of the Rule 12(b) practice seeking outright dismissal of the case, adoption of a formal schedule was

---

[1] The information in this section is taken from the Notice of Removal and Petition (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

deferred until such motion practice is resolved. (ECF No. 35). With formal scheduling in this case stayed, on August 15, 2024, Plaintiffs filed a Motion for Leave to Amend the Complaint solely to amend their actual damages in light of their insurer's decision to proceed with arbitration. (ECF No. 38). The Court held a status conference with parties on August 26, 2024 where Defendants announced opposition, and the Court set a briefing schedule for Plaintiffs' motion. (ECF No. 43). Even though the Parties have not had their initial scheduling conference, the Motion for Leave to Amend is now fully briefed and ripe for determination.

### III. Legal Standard

There are two points to address in this dispute. The first being the legal standard for diversity jurisdiction.[2] The second point goes directly to the heart of this dispute, the standard for permitting a party to amend pleadings. The parties met the well-established standard for diverse jurisdiction, as evidenced by removal of this case.

A party may amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this where a party seeks to amend their complaint more than 21 days after service and without the opposing party's consent, a party may amend its pleading only by leave of the court under Rule 15(a)(2), which provides leave "shall be freely given when justice so requires."

---

[2] 28 U.S.C.A. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States").

The decision to grant or deny leave to amend is within the sound discretion of the Court.[3] "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[4] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[5]

### IV. Parties' Argument and Analysis

#### a. Plaintiffs

Initially, Plaintiffs sought damages in the amount of $393,695.54. Then, their insurance company opted for arbitration in proportional damages which left the instant case with a good faith actual damages request of $62,400 plus a KCPA civil penalty of $10,000 and costs and fees. Plaintiffs argue: 1) there was no undue delay because the amendment was sought once they learned of the subrogated insurance claim; 2) Defendants are neither prejudiced nor delayed by the amendment because the case has not been scheduled and a subrogated insurance claim was predictable enough, such that revision of their damages would not impact Defendants' claims or defenses; and 3) there is no bad faith because it is

---

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[4] *Id.*
[5] *Id.*

based on calculations from the subrogated insurance claim, and amendment was sought soon after Plaintiffs became aware of the change in damages.

### b. Defendants

It is important to note, Defendants, in their response, neither assert any prejudice, bad faith, or futility in amendment nor do Defendants take a position on whether amendment is proper. They merely argue the Court should reserve ruling on the motion and rule on the instant motion only if the pending Motions to Dismiss are denied. In fact, Defendants agree their claims and defenses remain, and they cited caselaw indicating they concede the amended damages amount will not remove the case from Federal Court.[6]

### c. Analysis

Though the Court can grant Plaintiffs' request for leave on the basis that it is unopposed, Defendants, in their briefing and during oral arguments, raised concerns worthy of discussion. The Court analyzes the statutory reasons pursuant to Fed. R. Civ. P. 15 to deny leave and determines Plaintiffs should be granted leave to amend.

*1. Undue Prejudice and Delay*

The most important factor is undue prejudice and delay.[7] Prejudice under Rule 15 is defined as undue difficulty in defending a lawsuit as a result of a change of tactics or

---

[6] *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 295 (1938).
[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

theories.[8] Undue delay is present "when the party filing the motion has no adequate explanation for the delay" and the delay results in prejudice to the nonmoving party.[9]

While Defendants acknowledge a favorable ruling on this amendment issue may in some way compromise a ruling on the pending Motions to Dismiss, and may result in additional briefing on issues of dismissal or remand after leave is granted, this argument does not create the sort of unfair change in tactics or delay contemplated by Rule 15. Therefore, the Court does not consider Defendants prejudiced or delayed by this amendment and this factor weighs towards leave to amend.

   *2. Bad Faith or Dilatory Motive*

Courts deny motions for leave to amend where they are made to make the complaint a moving target or to present new theories in order to avoid inevitable dismissal.[10]

Even though Defendants argue the Motions to Dismiss should be determined prior to a ruling on the amendment, they do not outwardly assert bad faith. Rather, they assert Plaintiffs' request for amendment is a subtle way of circumventing a ruling on the current Motions to Dismiss, particularly in light of the fact the Court previously denied a prior request by Plaintiffs to remand the case back to Lyon County District Court. The Court disagrees.

Plaintiffs' motion is neither in bad faith, nor sound in a dilatory motive. Rather, the Court believes the motion seeking amendment of its' damages is based on a true change in

---

[8] *Commodity Specialists Co. v. Workman*, No. 98-2471-JWL, 1999 WL 588199, at *1 (D. Kan. June 18, 1999); See *Lease America Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir.1983).
[9] *Minter,* 451 F.3d at 1206 (10th Cir.2006).
[10] *Id.*

the calculation of Plaintiffs' damages. This, again, is not the sort of bad faith moving target Rule 15 prohibits. Also, as Defendants acknowledged, the change in damages neither changes the underlying complaint, nor arguments in support of the Motions to Dismiss. And, Defendants are keenly aware this District has held "[o]nce jurisdiction attaches, a subsequent reduction in claimed damages to an amount below the amount in controversy threshold does not destroy diversity jurisdiction."[11] The rule established by the Supreme Court in *St. Paul Mercury* remains the controlling law and has been universally applied in this district.[12] Without a showing of bad faith by Plaintiffs, leave to amend should be freely granted.

### 3. Futility of Amendment

First of all, Defendants do not raise a futility argument. Even if they had, futility warrants denial of leave to amend only if the amended complaint would be subject to dismissal.[13] Here, there are *already* pending Motions to Dismiss on the original complaint. (ECF No. 29 & 31). Plaintiffs assert this factor has no bearing on the Motion to Amend, because this is their first request and it will merely amend their damages. Defendants express concerns with ruling on the motion now as opposed to waiting on a ruling on the pending Motions to Dismiss.

---

[11] *St. Paul Mercury Indemnity Co.*, 303 U.S. at 295 ("[S]subsequent reduction of the amount claimed cannot oust the district court's jurisdiction.").
[12] *Morales v. 3102 51st KCK LLC*, 2022 WL 951696 (D. Kan. 2022) (rejecting plaintiff's attempt to limit damages following removal, applying *St. Paul Mercury*).
[13] *Mountain View Pharmacy v. Abbott Lab.*, 630 F.2d 1383, 1389 (10th Cir.1980).

The Court does not find amendment as requested to be futile at this time in the litigation. The change in damages amount will not substantively affect Plaintiffs' claim or arguments related to dismissal, and the undersigned is of the opinion Fed. R. Civ. P. 15 does not expressly contemplate waiting to rule on Plaintiffs' Motion for the sole reason that Defendants feel it is better to wait for fear of an unfavorable ruling on the pending Motions to Dismiss. The control of the Court's docket is in the sound discretion of the District Court.[14]  Leave to amend should be freely granted where the amendment will not be futile.

Finally, it is important to note, deferring scheduling on the basis of motions to dismiss a case in its entirety is distinguishable from the arguments made herein, seeking deferral of a ruling.  With regard to the amendment sought by Plaintiffs, this argument has no substantive bearing on the claims and defenses in this case. Leave to amend merely conforms the Complaint to the true damages as alleged by Plaintiffs.

---

[14] *Landis v. North *707 American Co.*, 299 U.S. 248, 254 (1936).

## V. Conclusion

In the absence of any declared reason related to undue prejudice, delay, and futility, and the fact that Defendants expressly take "no position", the Court **GRANTS** Plaintiffs' motion **(ECF No. 38)**.

**IT IS SO ORDERED.**

Dated November 1, 2024, at Wichita, Kansas.

s/Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge