# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM HUTH and <br> DEBORAH HUTH <br><br> Plaintiffs, <br><br> v. <br><br> GUANGDONG MIDEA <br> AIR-CONDITIONING <br> EQUIPMENT CO., LTD. and <br> MIDEA GROUP CO., LTD. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 23-4031-DDC-GEB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

On January 7, 2025 the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a Motion Hearing by video conference with the parties regarding Plaintiffs' Motion for Discovery (ECF No. 60). Plaintiffs appeared through counsel Stephanie B. Poyer. Defendants appeared through counsel Cory Buck. The Court considered: (1) Plaintiffs' Motion for Discovery (ECF No. 60); (2) Defendants' Response to Plaintiffs' Motion for Discovery (ECF No. 65); and (3) Plaintiffs' Reply to its' Motion for Discovery (ECF No. 66).

After reviewing the written briefs, caselaw contained therein, and hearing arguments from counsel discussing the same, the Court **DENIES** Plaintiffs' Motion **(ECF No. 60)**.

## I.       Nature of the Case[1]

This is a products liability case removed from Lyon County District Court alleging the malfunction of a dehumidifier caused extensive damage to Plaintiffs' personal property. Plaintiffs' petition makes claims of negligence, breach of contract, strict liability, and violation of the Kansas Consumer Protection Act. On April 25, 2023, Defendant, Midea America Corp. removed the case to this court invoking diversity jurisdiction (ECF No. 38-1). Diversity jurisdiction is alleged under 28 U.S.C § 1332 where Plaintiffs are citizens of Kansas for the purposes of diversity jurisdiction, no Defendant is a citizen of the state of Kansas, and the damages originally alleged exceeded the amount in controversy.[2] The Huths' insurer, upon learning of the claim, reviewed its' agreements and opted to pursue binding arbitration. *Id*. The Huths, however, remain. *Id*.

The remaining Defendants are Guangdong Midea Air-Conditioning Equipment Co. Ltd.'s ("Midea Air-Conditioning") and Midea Group Co. Ltd. Defendant Midea Air-Conditioning provided sworn facts in their Motion to Dismiss attesting it had no contacts with Kansas, and its' contact with and control of the product ended in Asia when they sold the product to Electrolux.[3] Defendant Midea Group also provided an affidavit affirming it did not manufacture or sell any dehumidifier and it had no contact with the State of Kansas in the Motion to Dismiss.[4] Plaintiff alleges the relevant facts to the Motion for Discovery

---

[1] The information in this section is taken from the Notice of Removal and Petition (ECF No. 1 & 1-1). This background information should not be construed as judicial findings or factual determinations.
[2] ECF No. 1; ECF No. 5; ECF No. 13.
[3] ECF No. 55 at 4.
[4] ECF No. 53.

are Defendant Midea Air-Conditioning's contracts of sale, which are exclusively in their control.

## II.     Procedural History

There has been significant activity in this matter, mainly on the issues of remand and jurisdiction. In March 2024, District Judge Crabtree granted a Rule 12(b)(6) motion for lack of jurisdiction dismissing one party – a subsidiary company – for Plaintiffs' failure to state a claim, and denied Plaintiffs' Motion to Remand back to state court.[5] Notably, Judge Crabtree found on the issue of limited jurisdictional discovery as to the subsidiary company, Plaintiffs' were "merely asking for the opportunity to look for some facts that might controvert Midea America's facts," and he concluded "[t]hat's not enough."[6] In light of the Rule 12(b) practice seeking outright dismissal of the case, adoption of a formal schedule has been deferred until such motion practice is resolved (ECF No. 35).

In August 2024, Plaintiff's sought leave to amend their complaint (ECF No. 38) which the Court granted (ECF No. 50). On November 5, 2024, Plaintiff filed their Amended Complaint. The Court notes Plaintiffs' Amended Complaint amended the damages calculation, but the Amended Complaint failed to include a jurisdictional statement to its' allegations. After Plaintiffs' amendment, Defendants filed a Second Motion to Dismiss and Plaintiffs renewed their Motion for Remand (ECF Nos. 52 & 53). Now, in the instant motion, Plaintiffs implore the Court to permit the conduct of additional

---

[5] ECF No. 22 at 13.
[6] ECF No. 22 at 11.

discovery to cure the personal jurisdiction issue raised in the Second Motion to Dismiss (ECF No. 60). This Motion for Discovery is now ripe for determination.

### III. Legal Standard

Discovery must always be proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Typically, where a defendant moves to dismiss for lack of jurisdiction, either party is allowed discovery on the factual issues raised by the motion.[7] The party seeking jurisdictional discovery holds the burden of demonstrating their legal entitlement to jurisdictional discovery.[8] The party seeking jurisdictional discovery must demonstrate; (1) there are pertinent facts that bear on the issue of jurisdiction; (2) the facts are controverted; and (3) make a satisfactory showing additional facts are necessary.[9] The District Court must avoid prejudice to the party moving for jurisdictional discovery.[10] However, The District Court is within its' discretion to deny a Motion for Discovery where there is a very low probability such discovery will affect the outcome of the case.[11] Speculation that Defendants hold evidence relevant to the issue of jurisdiction is not enough, Plaintiffs must have a basis to support a finding of jurisdiction through discovery.[12]

---

[7] *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975); *see also Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (district court granted plaintiff leave to engage in limited jurisdictional discovery before granting defendant's motion to dismiss); *Kansas Food Packers, Inc. v. Corpak Inc.*, 192 F.R.D. 707, 708 (D. Kan. 2000).

[8] *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010).

[9] *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (ellipsis omitted) (emphasis added) (citations omitted).

[10] *Id.*

[11] *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004).

[12] *Guzman v. Well Health Labs, LLC*, No. 22-2229-JWB, 2022 WL 17830765, at *4-5 (D. Kan. July 22, 2022).

4

## IV. Plaintiffs' Motion for Discovery

Because Defendants' Motion to Dismiss asserts the Court lacks personal jurisdiction, Plaintiffs seek limited discovery on the issue of the Courts' personal jurisdiction over Defendants' Guangdong Midea Air-Conditioning Equipment Co. Ltd.'s and Midea Group Co. Ltd. Specifically, Plaintiffs seek Guangdong Midea Air-Conditioning Equipment Co. Ltd. and Midea Group Co. Ltd.'s involvement in the transfer of title of the product and contracts for distribution of the dehumidifiers in question, asserting these facts are uniquely within the control of Defendants. However, the Court notes Plaintiffs' Amended Complaint does not allege *any* jurisdictional facts to support targeted distribution in Kansas or any contracts involving distribution of the product in Kansas. There is simply no jurisdictional statement (ECF No. 50). Defendants' response asserts, and this Court agrees, the request for limited discovery effectively reiterates Plaintiffs' arguments before District Judge Crabtree in March 2024 regarding jurisdictional discovery for the subsidiary. Plaintiffs failed to assert controverted facts providing a basis for the Court to allow jurisdictional discovery at that time and fails the same here. Defendants also rebut Plaintiffs' assertions of exclusive control stating Plaintiffs are closer to facts of distribution in Kansas, since they know where they purchased the product.

After review of the parties' written briefs and their oral arguments during the January 7, 2025 Motion hearing, the Court finds Plaintiffs are not entitled to jurisdictional discovery against the remaining Defendants in this matter. While the Court is sympathetic to Plaintiffs' quandary, asserting the facts necessary for jurisdictional argument are exclusively in the possession and control of the Defendants, such assertions are notably

absent in Plaintiff's Amended Complaint. More importantly, Plaintiffs were given the opportunity to amend their complaint following a motion hearing with the Court on October 25, 2024. In their Amended Complaint Plaintiffs failed to plead *any* of their jurisdictional contentions to include facts relevant to the transfer of title, distribution, and manufacture of the dehumidifier, or assert knowledge of any Kansas contracts by Defendants. Plaintiffs neglected to include the relevant contentions they knew, such as where the dehumidifier was purchased. Failure to include *any* jurisdictional contentions leads the Court to the conclusion that no controverted facts exist in this matter around personal jurisdiction.

Because Plaintiffs failed to establish Defendants had significant contacts with the State of Kansas, this Court can see no reason to permit jurisdictional discovery at this time as it is unlikely to affect the outcome of the case. As was also determined in March 2024, where Plaintiffs do not have facts to controvert Defendants' contentions, they cannot seize the opportunity to go on a fishing expedition for them.[13] The same is true here. Plaintiffs' jurisdictional assertions are speculative and not enough to meet their burden of demonstrating the existence of controverted facts and the necessity of jurisdictional discovery. The Court cannot allow Plaintiffs to manipulate the rules of discovery to seek the existence of contracts and transfers of title, without any jurisdictional contentions to support it. Thus, Plaintiffs' Motion for Discovery is denied.

---

[13] ECF No. 22 at 11.

## V. Conclusion

Because the pleadings provide no pertinent facts bearing on the issue of jurisdiction, and there are no controverted facts surrounding personal jurisdiction in this matter, Plaintiffs failed to meet their burden of establishing the necessity of jurisdictional discovery. Thus, Plaintiffs' Motion for Discovery **(ECF No. 60) is DENIED**.

**IT IS SO ORDERED.**

Dated January 28, 2025, at Wichita, Kansas.

<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
U.S. Magistrate Judge